IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VALTRUS INNOVATIONS LTD, <br><br> Plaintiff, <br><br> v. <br><br> AT&T INC., et al <br>         Defendants. | § § § § § § § § § § § § | CASE NO. 2:23-cv-00443-JRG <br>          (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| VALTRUS INNOVATIONS LTD, <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., et al <br>         Defendants. | § § § § § § § § § § § § | CASE NO. 2:23-cv-00444-JRG <br>          (Member Case) <br><br> **JURY TRIAL DEMANDED** |
| VALTRUS INNOVATIONS LTD, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC., et al <br>         Defendants. | § § § § § § § § § § § § § | CASE NO. 2:23-cv-00445-JRG <br>          (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**ORDER REGARDING E-DISCOVERY**

The Court ORDERS as follows:

1.   This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

1

2. This Order may be modified in the court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, metadata fields listed in Appendix A shall be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production[1]:

    a. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format or native format. Each electronic document produced in native or TIFF format shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files, as applicable. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    b. **Text-Searchable Documents**. If a party's documents already exist in

---

[1] To the extent their productions of ESI pre-dating the Court's entry of this Order do not comply with the requirements set forth in this Order, the parties further agree to re-produce metadata associated with such past productions in a form that is compliant with the requirements of this order within fourteen (14) days of the Court's entry of this Order.

text- searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

      c.      **Footer**. Each document image shall contain a footer with a sequentially ascending production number. Native files produced by a party shall include the Bates number in its file name and/or be produced with a slipsheet that denotes the confidentiality designation and bates number.

      d.      **Native Files**. Documents that would not be reasonably legible in image or near-native format, and documents that would be incomplete in image or near-native format, should be produced as native files. Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native file format or MS Excel. A party that receives a document maintained in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

      e.      **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

      f.      **Voicemail and Mobile Devices**. Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

      g.      **Translations**. All documents shall be produced in their original

language. Where a requested document exists in a foreign language and the producing party also has one or more English-language version(s) of that document created in the ordinary course of business and located as part of the reasonable search for the foreign language document, the producing party shall produce the foreign language versions and the English-language version(s) of that document. In addition, if the producing party has or obtains during the course of this action a certified translation of a foreign-language document the producing party shall produce both the original document and the certified translation promptly after the translation is obtained by the producing party. Nothing in this paragraph obligates a party to produce certified translations of any documents that will not be relied upon before the Court.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, and a specific identification of the fifteen most significant listed e-mail custodians in view of (a) the pleaded claims and defenses (excluding issues concerning venue),[2] (b) infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, (c) invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and (d) preliminary information relevant to damages. Each requesting party may also propound up to five written discovery requests and

---

[2] A "specific identification" requires a short description of why the custodian is believed to be significant. Further, if a party makes a good faith attempt to locate e-mail custodians who are likely to have non-cumulative information relevant to the claims or defenses but cannot identify fifteen such custodians, that party shall list as many custodians as practicable.

take one deposition per producing Side, if necessary, to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. (For the purposes of this Order, "Side" means a party or group of parties with a common interest with respect to this lawsuit, with one Side consisting of Plaintiff and another Side consisting of each of the following Related Defendant Groups: (1) T-Mobile USA, Inc., T-Mobile US, Inc., Sprint Corp.; (2) OnePlus Technology (Shenzen) Co., Ltd., OnePlus Mobile Communications (Guangdong) Co., Ltd.; (3) Verizon Communications Inc., and Cellco Partnership, d/b/a Verizon Wireless).[3] The court may allow additional discovery upon a showing of good cause.

8.  E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall promptly cooperate to identify the proper custodians, proper search terms, and proper time frame. E-mail production requests shall be limited to a total of eight custodians for each of Verizon and T-Mobile Defendant Groups and a total of four custodians for each of Valtrus and the OnePlus Related Defendant Group for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing Side, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9.  Each Side shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such

---

[3] For the avoidance of doubt, each Related Defendant Group is separately a Side.

as the producing company's name or its product name or service name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. After exchanging search terms, but prior to producing emails, the Parties shall promptly confer in good faith to ensure that the total number of hits per search term (including search terms in native language) and temporal limits for each custodian are reasonable and in the event the total number of hits for a date range for a single custodian are unreasonably excessive , the Parties shall confer to reduce the number of hits to a reasonable number and/or confine the date range to a reasonable time period.

10. The parties shall endeavor to produce email attachments sequentially after the parent email and to identify, via metadata, the email attachments as the children of the parent email.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

13. Except as expressly stated, nothing in this order affects the parties' discovery

6

obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 1st day of March, 2024.**

                                                RODNEY GILSTRAP  
                                                UNITED STATES DISTRICT JUDGE

**APPENDIX A**

| Field Name |
| --- |
| Bates Beg |
| Bates End |
| Bates Beg Attach |
| Bates End Attach |
| Custodian |
| All Custodians |
| Number of Attachments |
| Page Count |
| File Extension |
| File Size |
| File Name |
| File Type |
| Record Type |
| Created Date/Time |
| Last Modified Date/Time |
| Sent Date/Time |
| Email Received Date/Time |
|  |
| Author |
| Last Saved By |
| Email From |
| Email To |
| Email CC |
| Email BCC |
| Email Subject |
| Document Subject |
| Document Title |
| MD5 Hash |
| Time Zone Field |
| Text Path |
| Native File Link |