# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VALTRUS INNOVATIONS LTD, | § | CASE NO. 2:23-cv-00443-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| AT&T INC., et al | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| VALTRUS INNOVATIONS LTD, | § | CASE NO. 2:23-cv-00444-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| T-MOBILE USA, INC., et al | § | |
| Defendants. | § | |
| | § | |
| | § | |
| VALTRUS INNOVATIONS LTD, | § | CASE NO. 2:23-cv-00445-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| VERIZON COMMUNICATIONS, INC., et al | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO AMEND THE COMPLAINT
TO ASSERT U.S. PATENT NO. 7,769,050**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | LEGAL STANDARD | 3 |
| III. | ARGUMENT | 4 |
| | A.   None of the Factors Under Rule 15 Warrant Denial of Leave to Amend | 4 |
| | B.   To the Extent Rule 16 Applies, Valtrus Has Shown Good Cause to Amend. | 5 |
| IV. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Foman v. Davis*,
  371 U.S. 178 (1962)...............................................................................................................2

*Insituform Technologies, Inc. v. CAT Contracting, Inc.*,
  385 F.3d 1360 (Fed. Cir. 2004)..............................................................................................3

*Netlist, Inc. v. Samsung Elecs. Co., LTD.*,
  2023 WL 5532133 (E.D. Tex. Aug. 28, 2023) ...................................................................3, 4

*United Mine Workers of America v. Gibbs*,
  383 U.S. 715 (1966)................................................................................................................3

*Wimm v. Jack Eckerd Corp.*,
  3 F.3d 137 (5th Cir. 1993) ......................................................................................................2

**Rules**

Fed. R. Civ. P. 15................................................................................................................ *passim*

Fed. R. Civ. P. 16................................................................................................................ *passim*

Plaintiff Valtrus Innovations Ltd. ("Plaintiff" or "Valtrus") files this opposed motion for leave to file an amended complaint to assert U.S. Patent No. 7,769,050 ("the '050 patent"), which generally relates to systems and methods for mitigating interference in wireless communications. The Court should grant the motion because the pleading amendment deadline has not yet passed and, pursuant to Fed. R. Civ. P. 15(a), courts should "freely give leave where justice so requires."

Moreover, Defendants have been on notice of the '050 patent and Valtrus's infringement theories from the beginning of the case. Specifically, Valtrus identified the '050 patent in its original Complaints as a patent that Defendants "likely" infringed, and also timely served infringement contentions, detailing Valtrus's theories and providing representative evidence. As such, granting this motion would not require any change to the schedule and would not prejudice Defendants in any way.

## BACKGROUND

On September 27, 2023, Valtrus separately sued the Verizon defendants[1] (Case No. 2:23-cv-00445-JRG) and both the T-Mobile defendants[2] and OnePlus defendants[3] (Case No. 2:23-cv-00444-JRG). Valtrus subsequently filed an Amended Complaint against T-Mobile and OnePlus on January 8, 2024.

Both the original Complaints and the Amended Complaint identified (without formally asserting) the '050 patent and alleged that Defendants likely infringed by, *inter alia*, their sale and

---

[1] The Verizon defendants are Verizon Communications Inc. and Cellco Partnership, d/b/a Verizon Wireless (collectively, "Verizon"). The "Complaint against Verizon" is Dkt. 1 of Case No. 2:23-cv-00445-JRG.

[2] The T-Mobile defendants are T-Mobile USA, Inc. T-Mobile US, Inc., and Sprint Corp. (collectively, "T-Mobile"). The "Amended Complaint against T-Mobile (and OnePlus)" is Dkt. 51 of Case No. 2:23-cv-00443-JRG.

[3] The OnePlus Defendants are OnePlus Technology (Shenzen) Co., Ltd. and OnePlus Mobile Communications (Guangdong) Co., Ltd. (collectively, "OnePlus").

1

use of WiFi6 enabled products. Valtrus then timely served infringement contentions for the '050 patent setting out its theories (and evidentiary support) on various claims, including how use of an optional "spatial reuse" feature of the WiFi6 standard infringed. *See* Berkowitz Decl. at ¶3. Valtrus suspected that Defendants implemented this feature based on pre-litigation diligence,[4] but took a conservative approach, electing to simply identify it in the complaint, serve contentions and take focused discovery to confirm Defendants' implementation of the "spatial reuse" feature. Valtrus assumed that if Defendants *did not* implement the feature, they would simply say so and the parties could avoid litigation on it. Accordingly, days after discovery opened, Valtrus served an interrogatory asking in relevant part:

> For each Wi-Fi access point or Wi-Fi extender identified by you in response to INTERROGATORY NO. 1, provide a complete explanation of how You have, during the Relevant Time-Period, mitigated interference in said Wi-Fi access point and Wi-Fi extenders. Your answer should identify any operational standards or features, **such as the spatial reuse operation**[5] and the mesh beacon collision avoidance operation,[6] known or requested to be implemented by You . . .

Berkowitz Decl. ¶5 (emphasis added; footnotes in original).

Defendants refused to respond to the part of this interrogatory directed to spatial reuse, supplement the response after several meet and confers, or produce any responsive documents regarding their implementation (or non-implementation) of that feature.[7] Berkowitz Decl. at ¶6. Rather, Defendants took the position that the patent is not in the case because it was not formally asserted and that they therefore didn't have to respond to any discovery or, for that matter,

---

[4] Valtrus worked with consultants and experts to review publicly available information to determine that T-Mobile and Verizon likely implemented (and therefore infringed) the claimed "second tier of the scheduling strategy" of the '050 patent. *See* '050 Patent at 27:19-23; Berkowitz Decl. at ¶2.

[5] *See, e.g.,* 802.11ax (2021), Section 26.10.

[6] *See, e.g.,* 802.11 – 2020, Section 4.3.21.5.5.

[7] Valtrus has asserted another patent against "mesh beacon collision avoidance" functionality, also addressed in this interrogatory, that is not at issue in this motion.

cooperate in resolving the question of whether and to what extent they implement the accused feature of WiFi6.

Accordingly, given Defendants' refusal to cooperate, and because Defendants refuse to even deny implementation of the spatial reuse feature, Valtrus seeks leave to amend its complaint and assert the '050 patent.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The standards for leave to amend a complaint are governed by Fifth Circuit law. *Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004). Only five circumstances justify denial of leave to amend in the Fifth Circuit: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

Federal Rule of Civil Procedure 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Even under the "good cause" standard, courts frequently permit plaintiffs to amend the complaint to assert additional patents against the same defendant. *See, e.g.*, *Netlist, Inc. v. Samsung Elecs. Co., LTD.*, 2023 WL 5532133, at *3 (E.D. Tex. Aug. 28, 2023) (granting leave to amend to assert an additional patent despite plaintiff's "tactical, self-imposed delay" in amending due to the "importance" of "seeking a

3

vindication of . . . patent rights" and the "lack of prejudice" from filing the motion "prior to claim construction and well before the close of fact discovery," after the deadline for infringement contentions).

## ARGUMENT

The Court should grant Valtrus's motion to amend, given the early stage of this case, Valtrus's timely service of infringement contentions for the '050 patent, and the lack of prejudice to either Verizon or T-Mobile.

### A. None of the Factors Under Rule 15 Warrant Denial of Leave to Amend.

Valtrus should be granted leave to amend the complaint and assert the '050 patent because none of the Fifth Circuit's factors justifying denial of leave are present here.

<u>Undue Delay</u>: Valtrus did not unduly delay in seeking amendment. Instead, Valtrus put T-Mobile and Verizon on notice of their likely infringement in its pleadings and further timely served infringement contentions for the '050 patent on the date set forth in the Scheduling Order. Valtrus's amendment comes well before *Markman* proceedings begin (which is set for December 4, 2024 (eight months away) and before the deadline to amend the pleadings on September 18, 2024). Thus, Valtrus's amendment is timely.

<u>Bad Faith</u>: Valtrus is not moving to amend in bad faith or with dilatory motive. Valtrus's amendment will not delay the schedule of this case because Defendants have been on notice since service of the original Complaints and there are still approximately ten months left in fact discovery. Defendants can serve invalidity contentions, for example, within 6 weeks of an Order granting leave to amend, without any disruption to the rest of the schedule. Further, Valtrus is seeking to vindicate its patent rights, and the scope of the amendment is narrow, simply asserting one additional patent against the same defendants, with largely similar accused products to what is already accused in the case (*i.e.*, WiFi6 devices also implementing "mesh beacon collision

4

avoidance"). *See* Complaint against Verizon at ¶¶75, 108; Amended Complaint against T-Mobile at ¶¶91, 125

<u>Repeated Failure to Cure Deficiencies</u>: Valtrus has never previously failed to cure deficiencies with respect to assertions made against Verizon and T-Mobile. The Amended Complaint against T-Mobile and OnePlus added OnePlus as a party to its '858 patent allegations but did not address any of the allegations with respect to the '050 patent.

<u>Undue Prejudice</u>: Defendants face no undue prejudice from amendment, as they've been on notice about Valtrus's view that they likely infringe the '050 patent at least since Valtrus filed its complaint in September 2023. Further, Valtrus's infringement contentions with respect to the '050 patent were timely served, further reducing any possible prejudice.

<u>Futility</u>: Valtrus's amendment is not futile, as it properly states a claim for patent infringement. Defendants provided infringement contentions that Defendants have never refuted.

Because none of the factors supporting denial of leave are present, the Court should grant Valtrus's motion to amend.

**B.      To the Extent Rule 16 Applies, Valtrus Has Shown Good Cause to Amend.**

The liberal Rule 15 standard should apply since the pleading amendment deadline is not until September 18, 2024. Dkt. No. 48. Nonetheless, Valtrus readily meets the "good cause" standard of Rule 16 to the extent it applies. Valtrus is asserting a patent already named in the operative complaints against the same defendants and largely similar products in the same case, which will benefit judicial economy. Valtrus timely provided infringement contentions and was diligent both in discovery (serving interrogatories in December 2023, shortly after discovery opened) and in bringing this motion (shortly after Defendants failed to provide invalidity contentions and after they confirmed they would not participate in discovery). Valtrus's good cause is similar or greater than the good cause found in similar cases where the Court granted leave

to amend and assert an additional patent. For example, in *Netlist*, the Court granted leave to amend to assert an additional patent despite plaintiff's "tactical, self-imposed delay." 2023 WL 5532133, at *3. The amendment here similarly seeks to add an additional patent "well in advance of the deadline for filing amended pleadings." *Id.* at *1. Thus, should the Court find that if Rule 16 applies, Valtrus has shown sufficient good cause for amendment.

## CONCLUSION

For the reasons stated above, Valtrus respectfully requests that the Court grant its motion for leave to amend and file an amended complaint.

Dated: April 3, 2024

Respectfully submitted,

*/s/ Matthew G. Berkowitz with permission*
*Andrea L. Fair*
Matthew G. Berkowitz – LEAD ATTORNEY
Patrick R. Colsher
Navid C. Bayar
Aaron L. Berkowitz
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com
nbayar@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Khue V. Hoang
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com

*Of Counsel*:
Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063

6

Garrett C. Parish  
Texas State Bar No. 24125824  
Email: gparish@wsfirm.com  
WARD, SMITH & HILL, PLLC  
1507 Bill Owens Pkwy.  
Longview, TX 75604  
Tel: (903) 757-6400  
andrea@wsfirm.com  
claire@wsfirm.com  

*Attorneys for Plaintiff Valtrus Innovations Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on April 3, 2024.

*/s/ Andrea L. Fair*  
Andrea L. Fair

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that it has complies with the requirements of Local Rule CV-7. A telephonic meet and confer occurred between counsel for Plaintiff and Defendants on March 28, 2024, regarding Valtrus' motion to amend the complaint to add the '050 patent. Defendants oppose the amendment of the compliant, and those discussions conclusively ended in an impasse, leaving an open issue for the Court.

*/s/ Andrea L. Fair*  
Andrea L. Fair
