# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| VALTRUS INNOVATIONS LTD, | § | CASE NO. 2:23-cv-00443-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| AT&T INC., et al | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | | |
| VALTRUS INNOVATIONS LTD, | § | CASE NO. 2:23-cv-00444-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| T-MOBILE USA, INC., et al | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | | |
| VALTRUS INNOVATIONS LTD, | § | CASE NO. 2:23-cv-00445-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| VERIZON COMMUNICATIONS, INC., | § | |
| et al | § | |
| Defendants. | § | |
| | § | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Valtrus Innovations Limited ("Plaintiff" or "Valtrus"), by and through its

undersigned counsel, brings this complaint for patent infringement and damages against

Defendants Verizon Communications Inc. and Cellco Partnership, d/b/a Verizon Wireless (collectively, "Verizon" or "Defendants") and would respectfully show the Court as follows:

<u>**PARTIES**</u>

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor companies (collectively, "HPE").  Valtrus is an Irish entity duly organized and existing under the laws of the Republic of Ireland.  The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.  HPE's worldwide corporate headquarters is located in Houston, Texas.  One of HPE's primary US facilities is located in Plano, Texas.

2. On information and belief, Defendant Verizon Communications Inc. ("Verizon Communications") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1095 Avenue of the Americas, New York, New York 10036.  On information and belief, Verizon Communications may be served with process through its registered agent at CT Corporation System, 1209 Orange Street, Wilmington, Delaware 19801.

3. On information and belief, Defendant Cellco Partnership, d/b/a Verizon Wireless ("Verizon Wireless") is a Delaware partnership, with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920. On information and belief, Verizon Wireless is a wholly-owned subsidiary of Verizon Communications. On information and belief, Verizon Wireless may be served with process through its registered agent at CT Corporation System, 1209 Orange Street, Wilmington, Delaware 19801.

4. On information and belief, Verizon Communications Inc. and/or its employees or officers direct and/or control the actions of its direct and indirect subsidiaries. On information and

belief, Verizon Communications Inc. and/or its employees or officers direct and/or control the actions of these entities by, for example, inducing and contributing to the actions complained of herein.

## PATENTS IN SUIT

5. Valtrus is the assignee of and owns all right and title to U.S. Patent Nos. 7,599,379 (the "'379 Patent"); 7,130,625 (the "'625 Patent"); 8,307,063 (the "'063 Patent"); 6,781,858 (the "'858 Patent"); 6,871,264 (the "'264 Patent"); 8,432,892 (the "'892 Patent"); 7,490,155 (the "'155 Patent"); 7,930,539 (the "'539 Patent") and 7,085,364 (the "'364 Patent") (collectively, "the Asserted Patents").  Additionally, while not one of the currently Asserted patents, Valtrus believes that Verizon is likely infringing U.S. Patent No. 7,769,050 (the "'050 patent") and intends to pursue discovery concerning the same.  On information and belief, Valtrus is not subject to the limitations of 35 U.S.C. § 287.

6. The Asserted Patents were developed by inventors working for HPE.  HPE and its predecessors have developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to wireless architectures and communication techniques, as well as semiconductor designs.

7. The '379 Patent, entitled Registering Stations Between Protocols, was duly and lawfully issued on October 6, 2009.  A true and correct copy of the '379 Patent is attached hereto as Exhibit 1.

8. The '379 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '379 Patent, including the right to seek damages for any infringement thereof.

9.  The '050 Patent, entitled, System and Method for Interference Mitigation for Wireless Communication, was duly and lawfully issued on August 3, 2010.  A true and correct copy of the '050 Patent is attached hereto as Exhibit 2.

10. The '050 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '050 Patent, including the right to seek damages for any infringement thereof.

11. The '625 Patent, entitled, System and Method for a Universal Wireless Access Gateway, was duly and lawfully issued on October 31, 2006.  A true and correct copy of the '625 Patent is attached hereto as Exhibit 3.

12. The '625 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '625 Patent, including the right to seek damages for any infringement thereof.

13. The '063 Patent, entitled, Method and Apparatus for Managing Data Traffic Associated with a User on a Network, was duly and lawfully issued on November 6, 2012.  A true and correct copy of the '063 Patent is attached hereto as Exhibit 4.

14. The '063 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '063 Patent, including the right to seek damages for any infringement thereof.

15. The '858 Patent, entitled, Cubic Memory Array, was duly and lawfully issued on August 24, 2004.  A true and correct copy of the '858 Patent is attached hereto as Exhibit 5.

16. The '858 Patent has been in full force and effect from its issuance until its expiration.  Valtrus owns by assignment the entire right and title in and to the '858 Patent, including the right to seek damages for any infringement thereof.

17. The '264 Patent, entitled, System and Method for Dynamic Processor Core and Cache Partitioning on Large-Scale Multithreaded, Multiprocessor Integrated Circuits, was duly and lawfully issued on March 22, 2005.  A true and correct copy of the '264 Patent is attached hereto as Exhibit 6.

18. The '264 Patent has been in full force and effect from its issuance until its expiration.  Valtrus owns by assignment the entire right and title in and to the '264 Patent, including the right to seek damages for any infringement thereof.

19. The '892 Patent, entitled, Method and System for WLAN Synchronization, was duly and lawfully issued on April 30, 2013.  A true and correct copy of the '892 Patent is attached hereto as Exhibit 7.

20. The '892 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '892 Patent, including the right to seek damages for any infringement thereof.

21. The '155 Patent, entitled, Management and Control for Interactive Media Sessions, was duly and lawfully issued on February 10, 2009.  A true and correct copy of the '155 Patent is attached hereto as Exhibit 8.

22. The '155 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '155 Patent, including the right to seek damages for any infringement thereof.

23. The '539 Patent, entitled Computer System Resource Access Control, was duly and lawfully issued on  April 19, 2011. A true and correct copy of the '539 Patent is attached hereto as Exhibit 9.

24. The '539 Patent has been in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '539 Patent, including the right to seek damages for any infringement thereof.

25. The '364 Patent, entitled Advanced Conference Drop, was duly and lawfully issued on August 1, 2006. A true and correct copy of the '364 Patent is attached hereto as Exhibit 10.

26. The '364 Patent has been in full force and effect from its issuance until its expiration. Valtrus owns by assignment the entire right and title in and to the '364 Patent, including the right to seek damages for any infringement thereof.

## JURISDICTION AND VENUE

27. Valtrus incorporates by reference paragraphs 1-26 herein.

28. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

29. This District has general and specific personal jurisdiction over Defendants because, directly or through intermediaries, Defendants have committed acts within this District giving rise to this action; are present in and transact and conduct business, directly, and/or indirectly, in this District and the State of Texas; and transact and conduct business with residents of this District and the State of Texas.

30. Valtrus's causes of action arise, at least in part, from Defendants' contacts with and activities in and/or directed at this District and the State of Texas.

31. Defendants have infringed the Asserted Patents within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere

in the State of Texas, products and services claimed by the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents.  Defendants, directly and through intermediaries, make, use, sell, offer for sale, import, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products and services in or into this District and the State of Texas.  Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

32. This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.*

33. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

34. Defendants are doing business, either directly or through respective agents, on an ongoing basis in this Judicial District and elsewhere in the United State, have committed acts of infringement in this district, and have regular and established places of business in this Judicial District including, but not limited to: 1006 East End Boulevard North, Suite A, Marshall, Texas 75670; 1111 East Grand Avenue, Marshall, Texas 75670; 741 North Central Expressway, Plano, Texas 75075; 380 Shannon Rd E, Sulphur Sprints, TX 75482; 2330 Preston Road, Suite 500, Frisco, Texas 75034; 3220 East Hebron Parkway, Suite 114, Carrollton, Texas 75010; 5020 State Highway 121, The Colony, Texas 75056; 204 Central Expressway South, Suite 40, Allen, Texas 75013; and 500 East Loop 281, Longview, Texas 75605; 1901 10th Street, Plano, TX 75074; 400 International Pkwy, Richardson, TX 75081; 1201 E. Arapaho Road, Richardson, TX 75081.  Each Defendant makes, uses, sells, offers to sell, and/or imports infringing products into and/or within this District, maintains a permanent and/or continuing presence within this District, and has the requisite minimum contacts with this District such

that this venue is a fair and reasonable one. Upon information and belief, each Defendant has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

## FIRST CLAIM

### (Infringement of the '379 Patent)

35. Valtrus re-alleges and incorporates herein by reference paragraphs 1-34 of its Complaint.

36. The '379 Patent is generally directed to a wireless architecture with an interoperability node operable to consolidate a registration process across multiple different network protocols.

37. Defendants have been on notice of the '379 Patent and a specific factual basis for their infringement of the '379 Patent since at least on or about January 5, 2022.  On information and belief, Defendants have not taken any action to stop their infringement.

38. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 7 of the '379 Patent, by making, using, testing, selling, offering for sale, and/or importing hardware and/or software including components operable to communicate and register devices on networks such as LTE and IP Multimedia Subsystem (excluding any products licensed under the '379 Patent).  For example, Verizon makes, uses, tests, operates, sells, offers for sale, and/or imports hardware and/or software enabling communications via LTE and IP Multimedia Subsystem networks and that communicate with multiple different network protocols, consolidate the registration process on multiple different network protocols, and register a station in one or more other network types.  An exemplary claim chart concerning one way in which Verizon infringes claim 7 of the '379 Patent is attached as Exhibit 11.

39. Defendants have also indirectly infringed, and continue to indirectly infringe, the '379 Patent under 35 U.S.C. § 271(b) and (c).

40. Defendants have knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 7 of the '379 Patent (such as their customers in this District and throughout the United States) by, for example, advertising to customers and encouraging them to use Verizon's service because of its robustness and availability over multiple networks.[1] Verizon further advertises that mobile devices, such as the Motorola moto g stylus 5G, can communicate over multiple network types.[2]  Moreover, Valtrus put Verizon on notice of its infringement of the '379 Patent no later than on or about January 5, 2022.

41. Defendants contribute to the direct infringement of at least claim 7 of the '379 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '379 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified interoperability node (per the claim chart) is a material part of the claimed invention, is not a staple article of commerce, and is incapable of substantial non-infringing uses.

42. Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

---

[1] *See, e.g.*, https://www.verizon.com/business/resources/articles/what-is-voip/ (last visited September 26, 2023).

[2] *See, e.g.*, https://www.verizon.com/smartphones/motorola-moto-g-stylus-5g/ (last visited September 26, 2023); https://community.verizon.com/t5/Other-Network-Discussions/Whatsapp-Calls/td-p/1173364 (last visited September 26, 2023); https://community.verizon.com/t5/Google/How-do-I-set-up-WhatsApp/td-p/1121828 (last visited September 26, 2023).

## SECOND CLAIM

### (Infringement of the '625 Patent)

43. Valtrus re-alleges and incorporates herein by reference paragraphs 1-42 of its Complaint.

44. The '625 Patent is generally directed to a universal wireless access gateway and methods for using the same.

45. Defendants have been on notice of the '625 Patent and a specific factual basis for their infringement of the '625 Patent since at least on or about January 5, 2022.  On information and belief, Defendants have not taken any action to stop their infringement.

46. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 16 of the '625 Patent, by making, using, testing, selling, leasing, offering for sale, and/or importing hardware and software used in the cellular, Wi-Fi, and IP Multimedia System networks, and by offering access to those networks (excluding any products licensed under the '625 Patent).  An exemplary claim chart concerning one way in which Verizon infringes claim 16 of the '625 Patent is attached as Exhibit 12.

47. Defendants have also indirectly infringed, and continue to indirectly infringe, the '625 Patent under 35 U.S.C. § 271(b) and (c).

48. Defendants have knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 16 of the '625 Patent (such as their customers in this District and throughout the United States) by, for example, offering access to (and encouraging use of) the cellular and Wi-Fi networks.  For instance, Verizon advertises Wi-Fi calling and provides customers with instructions on how to use it and background information about the same.[3]

---

[3] *See, e.g.*, https://www.verizon.com/support/wifi-calling-faqs/ (last visited September 26, 2023)

Moreover, Valtrus put Verizon on notice of its infringement of the '625 Patent no later than on or about January 5, 2022.

49. Defendants contribute to the direct infringement of at least claim 16 of the '625 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '625 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Defendants provide, own, operate, sell, offer to sell, lease, use, and/or import various hardware and software enabling access to the cellular, Wi-Fi, and IP Multimedia System networks (such as that shown in Exhibit 12) that are not a staple article of commerce and are incapable of substantial noninfringing use.  Accordingly, even if Verizon does not provide, own, operate, sell, offer to sell, lease, and/or import all of the hardware and software involved, it is still contributing to the infringement of others, including customers.

50. Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

### THIRD CLAIM

#### (Infringement of the '063 Patent)

51.  Valtrus re-alleges and incorporates herein by reference paragraphs 1-50 of its Complaint.

52. The '063 Patent is generally directed to systems and methods for managing network data traffic.

53. Defendants have been on notice of the '063 Patent and a specific factual basis for their infringement of the '063 Patent since at least on or about August 26, 2022.  On information and belief, Defendants have not taken any action to stop their infringement.

54. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '063 Patent, by making, using, testing, selling, leasing, offering for sale, and/or importing networks and network switches that provide for the control of user high-speed data across the cellular network (excluding any products licensed under the '063 Patent).  An exemplary claim chart concerning one way in which Verizon infringes claim 1 of the '063 Patent is attached as Exhibit 13.

55. Defendants have also indirectly infringed, and continue to indirectly infringe, the '063 Patent under 35 U.S.C. § 271(b) and (c).

56. Defendants knowingly, intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '063 Patent by, for example, offering access to (and encouraging use of) the wireless networks.  For instance, Verizon advertises that data rates are reduced based on certain parameters and users may not be allowed to access high-speed data networks after reaching certain data volume usage.  See Exhibit 13.  Moreover, Valtrus put Verizon on notice of its infringement of the '063 Patent no later than on or about August 26, 2022.

57. Defendants contribute to the direct infringement of at least claim 1 of the '063 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '063 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Defendants provide, own, operate, sell, offer to sell, lease, and/or import various hardware and software enabling access to the wireless networks and components (such as that shown in Exhibit 13) that are not a staple article of commerce and are incapable of substantial noninfringing use.  Accordingly, even if Verizon does not provide, own, operate, sell, offer to sell, lease, and/or import all of the hardware and

software involved in the claimed system, it is still contributing to the infringement of others, including customers.

58. Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## FOURTH CLAIM

### (Infringement of the '858 Patent)

59. Valtrus re-alleges and incorporates herein by reference paragraphs 1-58 of its Complaint.

60. The '858 Patent is generally directed to a cubic memory array with a plurality of horizontal and vertical select lines.

61. Defendants have been on notice of the '858 Patent and a specific factual basis for their infringement of the '858 Patent since at least on or about January 5, 2022.  On information and belief, Defendants did not take any action to stop their infringement.

62. Defendants have, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 21 of the '858 Patent, by using, testing, selling, leasing, offering for sale, and/or importing mobile devices containing the claimed cubic memory array (excluding any products licensed under the '858 Patent).  For example, Verizon has tested, sold, used, and/or offered for sale Lenovo moto g POWER phones with Micron/Intel 96L 20nm 3D NAND flash memory.  An exemplary claim chart concerning one way in which Verizon infringed claim 21 of the '858 Patent is attached as Exhibit 14.

63. Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement.

## FIFTH CLAIM

### (Infringement of the '264 Patent)

64. Valtrus re-alleges and incorporates herein by reference paragraphs 1-63 of its Complaint.

65. The '264 Patent is generally directed to systems and methods for dynamic processor core and cache partitioning.

66. Defendants have been on notice of the '264 Patent and a specific factual basis for their infringement of the '264 Patent since at least on or about January 5, 2022.  On information and belief, Defendants did not take any action to stop their infringement.

67. Defendants have, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '264 Patent, by using, testing, selling, leasing, offering for sale, and/or importing mobile devices with ARM-based processors supporting DynamIQ Shared Units (excluding any products licensed under the '264 Patent).  For example, Verizon has imported, sold, offered for sale, used and/or tested Lenovo mobile devices including the Moto Edge 5G that contain Qualcomm Snapdragon 778G chips.  An exemplary claim chart concerning one way in which Verizon infringed claim 1 of the '264 Patent is attached as Exhibit 15.

68.   Defendants have also indirectly infringed the '264 Patent under 35 U.S.C. § 271(b) and (c).

69. Defendants knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '264 Patent (such as their customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use mobile devices with infringing chips.  Moreover, Valtrus put Verizon on notice of its infringement of the '264 Patent no later than on or about January 5, 2022.

70. The Verizon Defendants contributed to the direct infringement of at least claim 1 of the '264 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '264 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified ARM-based processors supporting DynamIQ Shared Unit (per the claim chart) are a material part of the claimed invention, are not a staple article of commerce, and are incapable of substantial non-infringing uses.  Additionally, Verizon has sold Lenovo mobile devices including the Moto Edge 5G, which, when used, form a material part of the invention, where the material part is not a staple article of commerce and is incapable of substantial non-infringing use.

71. Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## SIXTH CLAIM

### (Infringement of the '892 Patent)

72.  Valtrus re-alleges and incorporates herein by reference paragraphs 1-71 of its Complaint.

73. The '892 Patent is generally directed to methods and systems for synchronizing access points within a wireless local area network.

74. Defendants have been on notice of the '892 Patent and a specific factual basis for their infringement of the '892 Patent since at least on or about June 13, 2023.  On information and belief, Defendants have not taken any action to stop their infringement.

75. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 10 of the '892 Patent, by using, testing, selling, leasing,

offering for sale, and/or importing mesh network systems comprising access points (excluding any products licensed under the '892 Patent).  For example, Verizon has sold, offered for sale, imported, used and tested mesh network compatible access points and extenders such as the E3200 (excluding any products licensed under the '892 Patent).  An exemplary claim chart concerning one way in which Verizon infringes claim 10 of the '892 Patent is attached as Exhibit 16.

76. Defendants also indirectly infringed, and continue to indirectly infringe, the '892 Patent under 35 U.S.C. § 271(b) and (c).

77. Defendants are knowingly and intentionally actively aiding, abetting, and inducing others to directly infringe at least claim 10 of the '892 Patent (such as customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use and create infringing mesh network systems comprising access points. Moreover, Valtrus put Verizon on notice of its infringement of the '892 Patent no later than on or about June 13, 2023.

78. Defendants contribute to the direct infringement of at least claim 10 of the '892 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '892 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified access points are not staple articles of commerce and are incapable of substantial non-infringing uses.

79. Defendants' infringement has been willful in view of the above and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## SEVENTH CLAIM

### (Infringement of the '155 Patent)

80. Valtrus re-alleges and incorporates herein by reference paragraphs 1-79 of its Complaint.

81. The '155 Patent is generally directed to systems and methods for the management and control of interactive media sessions.

82. Defendants have been on notice of the '155 Patent and a specific factual basis for their infringement of the same since at least on or about September 25, 2023.  On information and belief, Defendants have not taken any action to stop their infringement.

83. Defendants have, under 35 U.S.C. 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '155 Patent, by using, testing, selling, leasing, offering for sale, making, and/or importing hardware and/or software including components operable to implement an IMS (excluding any products licensed under the '155 Patent).  An exemplary claim chart concerning one way in which Verizon infringes claim 1 of the '155 Patent is attached as Exhibit 17.

84. Defendants also indirectly infringed, and continue to indirectly infringe, the '155 Patent under 35 U.S.C. § 271(b) and (c).

85. Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least claim 1 of the '155 Patent (such as customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use hardware/software compatible with IMS.  Moreover, Valtrus put Defendants on notice of their infringement of the '155 Patent no later than on or about September 25, 2023.

86. Defendants contribute to the direct infringement of at least claim 1 of the '155 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '155 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified components of the IMS (per the claim chart) are a material part of the claimed invention, are not a staple article of commerce, and are incapable of substantial non-infringing uses.

87. Defendants' infringement has been willful in view of the above and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## EIGHTH CLAIM

### (Infringement of the '539 Patent)

88. Valtrus re-alleges and incorporates herein by reference paragraphs 1-87 of its Complaint.

89. The '539 Patent is generally directed to computer architecture and techniques for controlling access to resources in a computer system.

90. Defendants have been on notice of the '539 Patent and a specific factual basis for their infringement of the '539 Patent since at least on or about September 25, 2023.  On information and belief, Defendants have not taken any action to stop their infringement.

91. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '539 Patent, by making, using, testing, selling, offering for sale, and/or importing devices featuring a processor based on an ARM A-Profile architecture, such as ARMv8-A (excluding any products licensed under the '539 Patent).

92. For example, Defendants used and tested mobile devices, including the Motorola edge 5G UW, that contain ARMv8-A based processors.  An exemplary claim chart concerning one way in which Defendants have infringed claim 1 of the '539 Patent is attached as Exhibit 18.

93. Defendants also indirectly infringed, and continue to indirectly infringe, the '539 Patent under 35 U.S.C. § 271(b) and (c).

94. Defendants knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '539 Patent (such as customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use mobile devices with infringing chips.  Moreover, Valtrus put Defendants on notice of their infringement of the '539 Patent no later than on or about September 25, 2023.

95. Defendants contributed to the direct infringement of at least claim 1 of the '539 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '539 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified ARM A-profile based processors (per the claim chart) are a material part of the claimed invention, are not a staple article of commerce, and are incapable of substantial non-infringing uses.  Additionally, Defendants sold mobile devices, including those noted above, that contain ARM A-profile based processors, which, when used, form a material part of the invention, where the material part is not a staple article of commerce and is incapable of substantial non-infringing use.

96. Defendants' infringement has been willful in view of the above and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## NINTH CLAIM

### (Infringement of the '364 Patent)

97. Valtrus re-alleges and incorporates herein by reference paragraphs 1-96 of its Complaint.

98. The '364 Patent is generally directed to an advanced conference call system.

99. Defendants have been on notice of the '364 Patent and a specific factual basis for their infringement of the '364 Patent since at least on or about January 5, 2022.  On information and belief, Defendants did not take any action to stop their infringement.

100.    Defendants have, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '364 Patent, by making, using, testing, selling, offering for sale, and/or importing their implementations of a conference call telephone system (excluding any products licensed under the '364 Patent).

101.    For example, Defendants have provided a conference call telephone system.  An exemplary claim chart concerning one way in which Defendants have infringed claim 1 of the '364 Patent is attached as Exhibit 20.

102.    Defendants also indirectly infringed the '364 Patent under 35 U.S.C. § 271(b) and (c).

103.    Defendants knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '364 Patent (such as customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use conference call telephone systems.  Moreover, Valtrus put Defendants on notice of their infringement of the '364 Patent no later than on or about January 5, 2022.

104.     Defendants' infringement has been willful in view of the above and their failure to take any action, even after being put on notice, to stop their infringement or inducement of infringement by others.

## <u>TENTH CLAIM</u>

### (Infringement of the '050 Patent)

105.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-104 of its Complaint.

106.     The '050 patent is generally directed to systems and methods for interference mitigation in wireless communications.

107.     Defendants have been on notice of the '050 patent and a specific factual basis for their infringement of the '050 patent since at least on or about January 5, 2022.

108.     Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '050 Patent, by making, using, offering for sale, and/or importing broadband gateway products, including, for example, WiFi6 enabled products (excluding any products licensed under the '050 patent). An exemplary claim chart concerning Verizon's likely infringement of claim 1 of the '050 patent is attached as Exhibit 19.

109.     Defendants also indirectly infringed, and continue to indirectly infringe, the '155 Patent under 35 U.S.C. § 271(b) and (c).

110.     Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least claim 1 of the '050 Patent (such as customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use WIFi6 enabled products.  Moreover, Valtrus put Defendants on notice of their infringement of the '050 Patent no later than on or about January 5, 2022.

111.    Defendants contribute to the direct infringement of at least claim 1 of the '050 Patent under

35 U.S.C. § 271(c) by supplying, with knowledge of the '050 Patent, a material part of a

claimed invention, where the material part is not a staple article of commerce and is incapable

of substantial noninfringing use.  For example, the identified WiFi6 enabled products (per the

claim chart) are a material part of the claimed invention, are not a staple article of commerce,

and are incapable of substantial non-infringing uses.

### PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against Verizon as follows:

A.  That Verizon has infringed each of the Asserted Patents, and unless enjoined, will continue
to infringe one or more of the Asserted Patents;

B.  That Verizon's infringement of one or more of the Asserted Patents has been willful;

C.  That Verizon pay Valtrus damages adequate to compensate Valtrus for Verizon's past
infringement of each of the Asserted Patents, and present and future infringement of
applicable Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

D.  That Verizon pay prejudgment and post-judgment interest on the damages assessed;

E.  That Verizon pay Valtrus enhanced damages pursuant to 35 U.S.C. § 284;

F.  That Verizon pay be enjoined from infringing applicable Asserted Patents, or if its
infringement is not enjoined, that Verizon be ordered to pay ongoing royalties to Valtrus
for any post-judgment infringement of the Asserted Patents;

G.  That this is an exceptional case under 35 U.S.C. § 285; and that Verizon pay Valtrus's
attorneys' fees and costs in this action; and

H.  That Valtrus be awarded such other and further relief, including equitable relief, as this
Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Valtrus hereby demands a trial by jury

on all issues triable to a jury.

Dated April 3, 2024                    Respectfully submitted,

*/s/  Matthew G. Berkowitz with permission Andrea L.*
*Fair*
Matthew G. Berkowitz – LEAD ATTORNEY
Patrick R. Colsher
Aaron L. Morris
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Khue V. Hoang
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com

*Of Counsel:*

Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063

WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
andrea@wsfirm.com
claire@wsfirm.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this 3rd day of April, 2024.

/s/ Andrea L. Fair
Andrea L. Fair