**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VALTRUS INNOVATIONS LTD, | § | CASE NO. 2:23-cv-00443-JRG |
| | § | (Lead Case) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| AT&T INC., et al | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | | |
| VALTRUS INNOVATIONS LTD, | § | CASE NO. 2:23-cv-00444-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| T-MOBILE USA, INC., et al | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | | |
| VALTRUS INNOVATIONS LTD, | § | CASE NO. 2:23-cv-00445-JRG |
| | § | (Member Case) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| VERIZON COMMUNICATIONS, INC., et al | § | |
| Defendants. | § | |
| | § | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Valtrus Innovations Limited ("Plaintiff" or "Valtrus"), by and through its

undersigned counsel, brings this complaint for patent infringement and damages against

Defendants T-Mobile USA, Inc.; T-Mobile US, Inc.; and Sprint Corp. (collectively, "T-Mobile" or "T-Mobile Defendants"); as well as OnePlus Technology (Shenzen) Co., Ltd. and OnePlus Mobile Communications (Guangdong) Co., Ltd.., (collectively, "OnePlus" or "OnePlus Defendants," and together with the T-Mobile Defendants, "Defendants") and would respectfully show the Court as follows:

## PARTIES

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor companies (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of the Republic of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. HPE's worldwide corporate headquarters is located in Houston, Texas. One of HPE's primary US facilities is located in Plano, Texas.

2. On information and belief, T-Mobile USA, Inc. ("TUSA") is a Delaware corporation with a principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006. On information and belief, TUSA may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. On information and belief, T-Mobile US, Inc. ("TUS") is a Delaware corporation with a principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006. On information and belief, TUS may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

4. On information and belief, Sprint Corp. ("Sprint," and collectively with TUSA and TUS, "T-Mobile Defendants") is a Delaware corporation with its principal place of business at 6391 Sprint Parkway, Overland Park, Kansas 66251. On information and belief, Sprint may be

served through its registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

5. On information and belief, TUSA is a wholly owned subsidiary of TUS.

6. On information and belief Sprint is a wholly owned subsidiary of TUSA, which is a wholly owned subsidiary of TUS.

7. On information and belief, the T-Mobile Defendants operate one or more wireless telecommunication networks to provide wireless telecommunications services in Texas, including within the Eastern District of Texas.

8. The T-Mobile Defendants advertise that their 3G/2G, 4G/4G LTE and 5G wireless networks are available in Texas, including within the Eastern District of Texas. *See, e.g.,* https://www.tmobile.com/coverage/coverage-map.

9. The T-Mobile Defendants maintain offices at 7668 Warren Parkway, Frisco, Texas 75034.

10. The T-Mobile Defendants provide wireless services in the Eastern District of Texas, and have retail stores located at, for example, 3320 Troup Highway, Tyler, Texas 75701, 2108 Gilmer Road, Longview, Texas 75604, 116 E. Loop 281, Longview, Texas, 75605, 1806 E. End Boulevard N, Marshall, Texas 75670, and 1101 Stone Street, Suite 107, Kilgore, Texas 75662.

11. On information and belief, Defendant OnePlus Technology is a corporation duly organized and existing under the laws of the People's Republic of China with a place of business at 18F, Block C, Shenye Tairan Building, Tairan Eight Road, Chegongmiao, Futian District, Shenzhen, Guangdong 518048, China.  OnePlus Technology is owned by OnePlus Mobile.

12. On information and belief, Defendant OnePlus Mobile is a corporation duly organized and existing under the laws of the People's Republic of China with a place of business at No. 9B, Zone SE2, 2/F, ChangRong International Hardware & Machinery Plaza, Zhen'an Zhong Road,

Wusha Community, Changan Town, Dongguan City, Guangdong Province, China.   On information and belief, OnePlus Mobile is owned by Guangdong Ouija Communication Technology Co., Ltd.

### PATENTS IN SUIT

13. Valtrus is the assignee of and owns all right and title to U.S. Patent Nos. 7,599,379 (the "'379 Patent"); 7,130,625 (the "'625 Patent"); 8,307,063 (the "'063 Patent"); 6,781,858 (the "'858 Patent"); 6,871,264 (the "'264 Patent"); 8,432,892 (the "'892 Patent"); 7,490,155 (the "'155 Patent"); 7,930,539 (the '539 Patent) and 7,085,364 (the "'364 Patent") (collectively, "the Asserted Patents").   Additionally, while not one of the currently Asserted patents, Valtrus believes that T-Mobile is likely infringing U.S. Patent No. 7,769,050 (the "'050 patent") and intends to pursue discovery concerning the same.   On information and belief, Valtrus is not subject to the limitations of 35 U.S.C. § 287.

14. The Asserted Patents were developed by inventors working for HPE.   HPE and its predecessors have developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to wireless architectures and communication techniques, as well as semiconductor designs.

15. The '379 Patent, entitled Registering Stations Between Protocols, was duly and lawfully issued on October 6, 2009.   A true and correct copy of the '379 Patent is attached hereto as Exhibit 1.

16. The '379 Patent has been in full force and effect since its issuance.   Valtrus owns by assignment the entire right and title in and to the '379 Patent, including the right to seek damages for any infringement thereof.

17. The '050 Patent, entitled System and Method for Interference Mitigation for Wireless Communication, was duly and lawfully issued on August 3, 2010.  A true and correct copy of the '050 Patent is attached hereto as Exhibit 2.

18. The '050 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '050 Patent, including the right to seek damages for any infringement thereof.

19. The '625 Patent, entitled System and Method for a Universal Wireless Access Gateway, was duly and lawfully issued on October 31, 2006.  A true and correct copy of the '625 Patent is attached hereto as Exhibit 3.

20. The '625 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '625 Patent, including the right to seek damages for any infringement thereof.

21. The '063 Patent, entitled Method and Apparatus for Managing Data Traffic Associated with a User on a Network, was duly and lawfully issued on November 6, 2012.  A true and correct copy of the '063 Patent is attached hereto as Exhibit 4.

22. The '063 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '063 Patent, including the right to seek damages for any infringement thereof.

23. The '858 Patent, entitled Cubic Memory Array, was duly and lawfully issued on August 24, 2004.  A true and correct copy of the '858 Patent is attached hereto as Exhibit 5.

24. The '858 Patent has been in full force and effect from its issuance until its expiration.  Valtrus owns by assignment the entire right and title in and to the '858 Patent, including the right to seek damages for any infringement thereof.

25. The '264 Patent, entitled System and Method for Dynamic Processor Core and Cache Partitioning on Large-Scale Multithreaded, Multiprocessor Integrated Circuits, was duly and lawfully issued on March 22, 2005.  A true and correct copy of the '264 Patent is attached hereto as Exhibit 6.

26. The '264 Patent has been in full force and effect from its issuance until its expiration.  Valtrus owns by assignment the entire right and title in and to the '264 Patent, including the right to seek damages for any infringement thereof.

27. The '892 Patent, entitled Method and System for WLAN Synchronization, was duly and lawfully issued on April 30, 2013.  A true and correct copy of the '892 Patent is attached hereto as Exhibit 7.

28. The '892 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '892 Patent, including the right to seek damages for any infringement thereof.

29. The '155 Patent, entitled Management and Control for Interactive Media Sessions, was duly and lawfully issued on February 10, 2009.  A true and correct copy of the '155 Patent is attached hereto as Exhibit 8.

30. The '155 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '155 Patent, including the right to seek damages for any infringement thereof.

31. The '539 Patent, entitled Computer System Resource Access Control, was duly and lawfully issued on April 19, 2011. A true and correct copy of the '539 Patent is attached hereto as Exhibit 9.

32. The '539 Patent has been in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '539 Patent, including the right to seek damages for any infringement thereof.

33. The '364 Patent, entitled Advanced Conference Drop, was duly and lawfully issued on August 1, 2006. A true and correct copy of the '364 Patent is attached hereto as Exhibit 10.

34. The '364 Patent has been in full force and effect from its issuance until its expiration. Valtrus owns by assignment the entire right and title in and to the '364 Patent, including the right to seek damages for any infringement thereof.

## JURISDICTION AND VENUE

35. Valtrus incorporates by reference paragraphs 1-34 herein.

36. This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

37. This District has general and specific personal jurisdiction over Defendants because, directly or through intermediaries, Defendants have committed acts within this District giving rise to this action; are present in and transact and conduct business, directly, and/or indirectly, in this District and the State of Texas; and transact and conduct business with residents of this District and the State of Texas.

38. The T-Mobile Defendants are registered with the Secretary of State to do business in the State of Texas. Defendants sell and offer to sell products and services throughout the State of Texas, including in this judicial district, and introduce infringing products and services into the stream of commerce knowing that they would be sold in the State of Texas and this judicial district.

39. Valtrus's causes of action arise, at least in part, from Defendants' contacts with and activities in and/or directed at this District and the State of Texas.

40. Defendants have infringed one or more of the Asserted Patents within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products and services claimed by the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents.  Defendants, directly and through intermediaries, make, use, sell, offer for sale, import, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products and services in or into this District and the State of Texas.  Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

41. This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.*

42. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

43. The T-Mobile Defendants are registered to do business in Texas.  Additionally, upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District, by, among other things, making, using, offering to sell, selling, and importing products that infringe one or more of the Asserted Patents (and/or taking actions in this District that induce and/or contribute to infringement of one or more of the Asserted Patents).  Moreover, on information and belief, the T-Mobile Defendants have regular and established places of business in this District, including those described in the preceding paragraphs.

44.  The OnePlus Defendants offer to sell and do sell accused devices directly or indirectly through retailers located in this district, such as through T-Mobile's store located at 3320 Troup Hwy, Tyler, Texas 75701.

45. Additionally, venue is proper as to OnePlus Defendants, both foreign corporations, because suits against foreign entities are proper in any judicial district under 28 U.S.C. § 1391(c)(3).

## FIRST CLAIM

### (Infringement of the '379 Patent; T-Mobile and OnePlus)

46. Valtrus re-alleges and incorporates herein by reference paragraphs 1-45 of its Complaint.

47. The '379 Patent is generally directed to a wireless architecture with an interoperability node operable to consolidate a registration process across multiple different network protocols.

48. The T-Mobile Defendants have been on notice of the '379 Patent and a specific factual basis for their infringement of the '379 Patent since at least on or about January 5, 2022.  On information and belief, the T-Mobile Defendants have not taken any action to stop their infringement.

49. The OnePlus Defendants have been on notice of the '379 Patent and a specific factual basis for their infringement of the '379 Patent since at least on or about September 22, 2021. On information and belief, the OnePlus Defendants have not taken any action to stop their infringement.

50. The Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 7 of the '379 Patent, by making, using, testing, selling, offering for sale, and/or importing hardware and/or software including components operable to communicate and register devices on networks such as LTE and IP Multimedia Subsystem (excluding any products licensed under the '379 Patent).  For example, Defendants, use, test,

operate, sell, offer for sale, and/or import hardware and/or software enabling communications via LTE and IP Multimedia Subsystem networks and that communicate with multiple different network protocols, consolidate the registration process on multiple different network protocols, and register a station in one or more other network types.  An exemplary claim chart concerning one way in which T-Mobile infringes claim 7 of the '379 Patent is attached as Exhibit 11. An exemplary claim chart concerning one way in which OnePlus devices infringe claim 7 of the '379 Patent is attached as Exhibit 12.

51. Defendants have also indirectly infringed, and continue to indirectly infringe, the '379 Patent under 35 U.S.C. § 271(b) and (c).

52. The T-Mobile Defendants have knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 7 of the '379 Patent (such as their customers in this District and throughout the United States) by, for example, advertising to customers and encouraging them to use T-Mobile's service because of its robustness and availability over multiple networks.[1]  T-Mobile further advertises that mobile devices, such as the moto g stylus and OnePlus Nord N30, can communicate over multiple network types.[2]  Moreover, Valtrus put T-Mobile on notice of its infringement of the '379 Patent no later than on or about January 5, 2022.

---

[1] *See, e.g.*, https://www.t-mobile.com/support/coverage/t-mobile-network (last visited September 26, 2023); https://www.t-mobile.com/coverage/coverage-map (last visited September 26, 2023).

[2] *See, e.g.*, https://www.t-mobile.com/cell-phone/motorola-moto-g-5g-2023 (last visited September 26, 2023); https://www.t-mobile.com/cell-phone/oneplus-nord-n30-5g?sku=610214678133 (last visited September 26, 2023); https://www.t-mobile.com/support/tutorials/device/motorola/moto-g-5g-2022/topic/apps-amp-accessories/set-up-whatsapp (last visited September 26, 2023); https://www.t-mobile.com/support/tutorials/device/oneplus/7-pro/topic/apps-amp-accessories/set-up-whatsapp (last visited September 26, 2023).

53. The T-Mobile Defendants contribute to the direct infringement of at least claim 7 of the '379 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '379 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified interoperability node (per Exhibit 11) is a material part of the claimed invention, is not a staple article of commerce, and is incapable of substantial non-infringing uses.

54. The OnePlus Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least claim 7 of the '379 Patent (such as its customers in this District and throughout the United States) by, for example, advertising to customers and encouraging them to use T-Mobile's service.[3]  Moreover, Valtrus put OnePlus on notice of its infringement of the '379 Patent no later than on or about September 22, 2021.

55. The OnePlus Defendants contribute to the direct infringement of at least claim 7 of the '379 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '379 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified interoperability node (per Exhibit 12) is a material part of the claimed invention, is not a staple article of commerce, and is incapable of substantial non-infringing uses.

56. Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## **SECOND CLAIM**

### **(Infringement of the '625 Patent; T-Mobile)**

---

[3] *See*, e.g., https://www.oneplus.com/us/tmo-deals (last visited September 26, 2023).

57. Valtrus re-alleges and incorporates herein by reference paragraphs 1-56 of its Complaint.

58. The '625 Patent is generally directed to a universal wireless access gateway and methods for using the same.

59. The T-Mobile Defendants have been on notice of the '625 Patent and a specific factual basis for their infringement of the '625 Patent since at least on or about January 5, 2022.  On information and belief, Defendants have not taken any action to stop their infringement.

60. The T-Mobile Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 16 of the '625 Patent, by making, using, testing, selling, leasing, offering for sale, and/or importing hardware and software used in the cellular, Wi-Fi, and IP Multimedia System networks, and by offering access to those networks (excluding any products licensed under the '625 Patent).  An exemplary claim chart concerning one way in which T-Mobile infringes claim 16 of the '625 Patent is attached as Exhibit 13.

61. The T-Mobile Defendants have also indirectly infringed, and continue to indirectly infringe, the '625 Patent under 35 U.S.C. § 271(b) and (c).

62. The T-Mobile Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least claim 16 of the '625 Patent (such as its customers in this District and throughout the United States) by, for example, offering access to (and encouraging use of) the cellular and Wi-Fi networks.  For instance, T-Mobile advertises Wi-Fi calling and provides customers with instructions on how to use it and background information about the same.[4] Moreover, Valtrus put T-Mobile on notice of its infringement of the '625 Patent no later than on or about January 5, 2022.

---

[4]  *See*, *e.g.*,   https://www.t-mobile.com/support/coverage/wi-fi-calling-from-t-mobile   (last visited September 26, 2023).

63. The T-Mobile Defendants contribute to the direct infringement of at least claim 16 of the '625 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '625 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, T-Mobile provides, owns, operates, sells, offers to sell, leases, uses, and/or imports various hardware and software enabling access to the cellular, Wi-Fi, and IP Multimedia System networks (such as that shown in Exhibit 13) that are not staple articles of commerce and are incapable of substantial non-infringing uses. Accordingly, even if T-Mobile does not provide, own, operate, sell, offer to sell, lease, and/or import all of the hardware and software involved, it is still contributing to the infringement of others, including customers.

64. The T-Mobile Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## THIRD CLAIM

### (Infringement of the '063 Patent; T-Mobile)

65.  Valtrus re-alleges and incorporates herein by reference paragraphs 1-64 of its Complaint.

66. The '063 Patent is generally directed to systems and methods for managing network data traffic.

67. The T-Mobile Defendants have been on notice of the '063 Patent and a specific factual basis for their infringement of the '063 Patent since at least on or about August 26, 2022.  On information and belief, the T-Mobile Defendants have not taken any action to stop their infringement.

68. The T-Mobile Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims,

including without limitation at least claim 1 of the '063 Patent, by making, using, testing, selling, leasing, offering for sale, and/or importing networks and network switches that provide for the control of user high-speed data across the cellular network (excluding any products licensed under the '063 Patent).  An exemplary claim chart concerning one way in which T-Mobile infringes claim 1 of the '063 Patent is attached as Exhibit 14.

69. The T-Mobile Defendants have also indirectly infringed, and continue to indirectly infringe, the '625 Patent under 35 U.S.C. § 271(b) and (c).

70. The T-Mobile Defendants knowingly, intentionally actively aid, abet, and induce others to directly infringe at least claim 1 of the '063 Patent by, for example, offering access to (and encouraging use of) the wireless networks.  For instance, T-Mobile advertises that data rates are reduced based on certain parameters and users may not be allowed to access high-speed data networks after reaching certain data volume usage.  See Exhibit 14.  Moreover, Valtrus put T-Mobile on notice of its infringement of the '063 Patent no later than on or about August 26, 2022.

71. The T-Mobile Defendants contribute to the direct infringement of at least claim 1 of the '063 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '063 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Defendants provide, own, operate, sell, offer to sell, lease, and/or import various hardware and software enabling access to the wireless networks and components (such as that shown in Exhibit 14) that are not a staple article of commerce and are incapable of substantial noninfringing use.  Accordingly, even if T-Mobile does not provide, own, operate, sell, offer to sell, lease, and/or import all of the

hardware and software involved, it is still contributing to the infringement of others, including customers.

72. The T-Mobile Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## FOURTH CLAIM

### (Infringement of the '858 Patent; T-Mobile and OnePlus)

73. Valtrus re-alleges and incorporates herein by reference paragraphs 1-72 of its Complaint.

74. The '858 Patent is generally directed to a cubic memory array with a plurality of horizontal and vertical select lines.

75. The T-Mobile Defendants have been on notice of the '858 Patent and a specific factual basis for their infringement of the '858 Patent since at least on or about January 5, 2022.  On information and belief, the T-Mobile Defendants did not take any action to stop their infringement.

76. Defendants have, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 21 of the '858 Patent, by using, testing, selling, leasing, offering for sale, and/or importing mobile devices containing the claimed cubic memory array (excluding any products licensed under the '858 Patent).  For example, T-Mobile has tested, imported, sold, used, and/or offered for sale Google Pixel 3a phones with Micron/Intel 64-layer 256 Gb 3D NAND flash memory, and Defendants have tested, imported, sold, used, and/or offered for sale OnePlus Nord N200 5g phones containing Micron TLC 3D NAND flash memory which, on information and belief, have the same 64-layer 3D NAND structure.  An exemplary claim chart concerning one way in which Defendants infringed claim 21 of the '858 Patent is attached as Exhibit 15.

77. The T-Mobile Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement.

## FIFTH CLAIM

### (Infringement of the '264 Patent; T-Mobile and OnePlus)

78. Valtrus re-alleges and incorporates herein by reference paragraphs 1-77 of its Complaint.

79. The '264 Patent is generally directed to systems and methods for dynamic processor core and cache partitioning.

80. The T-Mobile Defendants have been on notice of the '264 Patent and a specific factual basis for their infringement of the '264 Patent since at least on or about January 5, 2022.  On information and belief, the T-Mobile Defendants did not take any action to stop their infringement.

81. Defendants have, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '264 Patent, by using, testing, selling, leasing, offering for sale, and/or importing mobile devices with ARM-based processors supporting DynamIQ Shared Units (excluding any products licensed under the '264 Patent).

82. For example, the T-Mobile Defendants have sold, offered for sale, used and tested devices, including the Lenovo moto g stylus 5G (2022), that contain the Qualcomm Snapdragon Kryo. An exemplary claim chart concerning one way in which T-Mobile has infringed claim 1 of the '264 Patent is attached as Exhibit 16.

83. The OnePlus Defendants and T-Mobile Defendants have sold, offered for sale, used and tested OnePlus devices, including the OnePlus 8 5G, that contain the Qualcomm Snapdragon 865. An exemplary claim chart concerning one way in which T-Mobile Defendants and OnePlus Defendants have infringed claim 1 of the '264 Patent is attached as Exhibit 17.

84. The T-Mobile Defendants also indirectly infringed the '264 Patent under 35 U.S.C. § 271(b) and (c).

85. The T-Mobile Defendants knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '264 Patent (such as their customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use mobile devices with infringing chips.  Moreover, Valtrus put T-Mobile on notice of its infringement of the '264 Patent no later than on or about January 5, 2022.

86. The T-Mobile Defendants contributed to the direct infringement of at least claim 1 of the '264 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '264 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified ARM-based processor supporting DynamIQ Shared Units (per the claim chart) is a material part of the claimed invention, is not a staple article of commerce, and is incapable of substantial non-infringing uses.  Additionally, the T-Mobile Defendants sold mobile devices, including those noted above, that contain Qualcomm Snapdragon chips (and/or similar chips in the Snapdragon 8xx family), which, when used, form a material part of the claimed invention, where the material part is not a staple article of commerce and is incapable of substantial non-infringing use.

87. The T-Mobile Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## SIXTH CLAIM

### (Infringement of the '892 Patent; T-Mobile)

88. Valtrus re-alleges and incorporates herein by reference paragraphs 1-87 of its Complaint.

89. The '892 Patent is generally directed to methods and systems for synchronizing access points within a wireless local area network.

90. The T-Mobile Defendants have been on notice of the '892 Patent and a specific factual basis for their infringement of the '892 Patent since at least on or about June 13, 2023. On information and belief, the T-Mobile Defendants have not taken any action to stop their infringement.

91. The T-Mobile Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 10 of the '892 Patent, by using, testing, selling, leasing, offering for sale, and/or importing mesh network systems comprising access points (excluding any products licensed under the '892 Patent).  For example, T-Mobile has sold, offered for sale, imported, used and tested mesh network compatible access points and extenders such as the Google Nest Wi-Fi mesh network system.  An exemplary claim chart concerning one way in which T-Mobile infringes claim 10 of the '892 Patent is attached as Exhibit 18.

92. The T-Mobile Defendants also indirectly infringed, and continue to indirectly infringe, the '892 Patent under 35 U.S.C. § 271(b) and (c).

93. The T-Mobile Defendants are knowingly and intentionally actively aiding, abetting, and inducing others to directly infringe at least claim 10 of the '892 Patent (such as customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use and create infringing mesh network systems comprising access

points.[5]  Moreover, Valtrus put T-Mobile on notice of its infringement of the '892 Patent no later than on or about September 25, 2023.

94. The T-Mobile Defendants contribute to the direct infringement of at least claim 10 of the '892 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '892 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified mesh Wi-Fi devices are a material part of the claimed invention, are not staple articles of commerce, and are incapable of substantial non-infringing uses.

95. The T-Mobile Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

## SEVENTH CLAIM

### (Infringement of the '155 Patent; T-Mobile)

96.  Valtrus re-alleges and incorporates herein by reference paragraphs 1-95 of its Complaint.

97. The '155 Patent is generally directed to systems and methods for the management and control of interactive media sessions.

98. The T-Mobile Defendants have been on notice of the '155 Patent and a specific factual basis for their infringement of the same since at least on or about September 25, 2023.   On information and belief, the T-Mobile Defendants have not taken any action to stop their infringement.

99. The T-Mobile Defendants have, under 35 U.S.C. 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims,

---

[5] *See, e.g.*, https://www.t-mobile.com/home-internet/what-is-mesh-wifi (last visited September 26, 2023).

including without limitation at least claim 1 of the '155 Patent, by making, using, testing, selling, offering for sale, leasing and/or importing hardware and/or software including components operable to implement an IMS (excluding any products licensed under the '155 Patent).  An exemplary claim chart concerning one way in which T-Mobile infringes claim 1 of the '155 Patent is attached as Exhibit 19.

100.    The T-Mobile Defendants also indirectly infringed, and continue to indirectly infringe, the '155 Patent under 35 U.S.C. § 271(b) and (c).

101.    The T-Mobile Defendants knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '155 Patent (such as customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use hardware/software compatible with IMS.  Moreover, Valtrus put the T-Mobile Defendants on notice of their infringement of the '155 Patent no later than on or about September 25, 2023.

102.    The T-Mobile Defendants contributed to the direct infringement of at least claim 1 of the '155 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '155 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified components of the IMS (per the claim chart) are a material part of the claimed invention, are not a staple article of commerce, and are incapable of substantial non-infringing uses.

103.    The T-Mobile Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

**EIGHTH CLAIM**

**(Infringement of the '539 Patent; T-Mobile and OnePlus)**

104.    Valtrus re-alleges and incorporates herein by reference paragraphs 1-103 of its Complaint.

105.    The '539 Patent is generally directed to computer architecture and techniques for controlling access to resources in a computer system.

106.    The OnePlus Defendants have been on notice of the '539 Patent and a specific factual basis for their infringement of the '539 Patent since at least on or about September 16, 2022. The T-Mobile Defendants have been on notice of the '539 Patent and a specific factual basis for their infringement of the '539 Patent since at least on or about September 25, 2023.  On information and belief, Defendants have not taken any action to stop their infringement.

107.    Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '539 Patent, by making, using, testing, selling, offering for sale, and/or importing devices featuring a processor based on an ARM A-Profile architecture, such as ARMv8-A (excluding any products licensed under the '539 Patent).

108.    For example, OnePlus and T-Mobile have sold, offered for sale, used and tested OnePlus devices, including the OnePlus 9 5G, that contain the Qualcomm Snapdragon 865.  An exemplary claim chart concerning one way in which T-Mobile and OnePlus have infringed claim 1 of the '539 Patent is attached as Exhibit 20.

109.    Defendants also indirectly infringed, and continue to indirectly infringe, the '539 Patent under 35 U.S.C. § 271(b) and (c).

110.    Defendants knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '539 Patent (such as customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use mobile devices with infringing chips.  Moreover, Valtrus put the OnePlus

Defendants on notice of their infringement of the '539 Patent no later than on or about September 16, 2022, and the T-Mobile Defendants on notice of their infringement of the '539 Patent no later than on or about September 25, 2023.

111.    Defendants contributed to the direct infringement of at least claim 1 of the '539 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '539 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified ARM A-profile based processors (per the claim chart) are a material part of the claimed invention, are not a staple article of commerce, and are incapable of substantial non-infringing uses.  Additionally, Defendants sold mobile devices, including those noted above, that contain ARM A-profile based processors, which, when used, form a material part of the invention, where the material part is not a staple article of commerce and is incapable of substantial non-infringing use.

112.    Defendants' infringement has been willful in view of the above, and their failure to take any action, even after being put on notice, to stop their infringement or inducement of, or contribution to, infringement by others.

### NINTH CLAIM

**(Infringement of the '364 Patent; T-Mobile and OnePlus)**

113.    Valtrus re-alleges and incorporates herein by reference paragraphs 1-112 of its Complaint.

114.    The '364 Patent is generally directed to an advanced conference call system.

115.    The T-Mobile Defendants have been on notice of the '364 Patent and a specific factual basis for their infringement of the '364 Patent since at least on or about January 5, 2022.  The OnePlus Defendants have been on notice of the '364 Patent and a specific factual basis for their infringement of the '364 Patent since at least on or about September 22, 2021. On information and belief, Defendants did not take any action to stop their infringement.

116.    T-Mobile has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '364 Patent, by making, using, testing, selling, offering for sale, and/or importing their implementations of a conference call telephone system (excluding any products licensed under the '364 Patent).

117.    Alternatively, and/or in addition, T-Mobile and OnePlus are jointly liable for infringement of the '364 Patent because they acted in a joint enterprise.  A joint enterprise existed because, as shown in Exhibit 21, there was (1) an agreement, express or implied, between T-Mobile and OnePlus (for example, Defendants advertised that they were engaged in a partnership); (2) a common purpose to be carried out by the group (for example, Defendants advertised that they shared an ideology and sought to build a community in the United States);  (3) a community or pecuniary interest in that purpose, among the members (for example, Defendants sold infringing mobile devices and plans together); and, on information and belief, (4) Defendants shared an equal right to a voice in the direction of the enterprise, which gave an equal right of control.

118.    For example, Defendants provided a conference call telephone system.  An exemplary claim chart concerning one way in which Defendants have infringed claim 1 of the '364 Patent is attached as Exhibit 21.

119.    Defendants also indirectly infringed the '364 Patent under 35 U.S.C. § 271(b) and (c).

120.    Defendants knowingly and intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '364 Patent (such as customers in this District and throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use conference call telephone systems.  Moreover, Valtrus put the T-Mobile

Defendants on notice of their infringement of the '364 Patent no later than on or about January 5, 2022, and the OnePlus Defendants on notice of the '364 Patent no later than on or about September 22, 2021.

121.    Defendants' infringement has been willful in view of the above and their failure to take any action, even after being put on notice, to stop their infringement or inducement of infringement by others.

### TENTH CLAIM

### (Infringement of the '050 Patent; T-Mobile)

122.    Valtrus re-alleges and incorporates herein by reference paragraphs 1-121 of its Complaint.

123.    The '050 patent is generally directed to systems and methods for interference mitigation in wireless communications.

124.    T-Mobile Defendants have been on notice of the '050 patent and a specific factual basis for their likely infringement of the '050 patent since at least on or about January 5, 2022.

125.    T-Mobile Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '050 Patent, by making, using, offering for sale, and/or importing broadband gateway products, including, for example, WiFi6 enabled products (excluding any products licensed under the '050 patent). An exemplary claim chart concerning T-Mobile's likely infringement of claim 1 of the '050 patent is attached as Exhibit 22.

126.    T-Mobile Defendants also indirectly infringed, and continue to indirectly infringe, the '155 Patent under 35 U.S.C. § 271(b) and (c).

127.    T-Mobile Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least claim 1 of the '050 Patent (such as customers in this District and

throughout the United States) by, for example, selling, offering for sale, and encouraging customers to use WIFi6 enabled products.  Moreover, Valtrus put T-Mobile Defendants on notice of their infringement of the '050 Patent no later than on or about January 5, 2022.

128.   T-Mobile Defendants contribute to the direct infringement of at least claim 1 of the '050 Patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '050 Patent, a material part of a claimed invention, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, the identified WiFi6 enabled products (per the claim chart) are a material part of the claimed invention, are not a staple article of commerce, and are incapable of substantial non-infringing uses.

## **PRAYER FOR RELIEF**

WHEREFORE, Valtrus prays for judgment against Defendants as follows:

A.  That the T-Mobile Defendants have infringed each of the Asserted Patents, and unless enjoined, will continue to infringe one or more of the Asserted Patents;

B.  That the OnePlus Defendants have infringed each of the '264, '379, '539, '858 and '364 Patents, and unless enjoined will continue to infringe one or more of the '379 and '539 Patents.

C.  That Defendants' infringement of one or more of the Asserted Patents has been willful;

D.  That Defendants pay Valtrus damages adequate to compensate Valtrus for Defendants' past infringement of the applicable Asserted Patents, and present and future infringement of applicable Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

E.  That Defendants pay prejudgment and post-judgment interest on the damages assessed;

F.  That Defendants pay Valtrus enhanced damages pursuant to 35 U.S.C. § 284;

G. That Defendants be enjoined from infringing applicable Asserted Patents, or if infringement is not enjoined, that Defendants be ordered to pay ongoing royalties to Valtrus for any post-judgment infringement of the Asserted Patents;

H. That this is an exceptional case under 35 U.S.C. § 285; and that Defendants pay Valtrus's attorneys' fees and costs in this action; and

I. That Valtrus be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Valtrus hereby demands a trial by jury on all issues triable to a jury.

Dated April 3, 2024                         Respectfully submitted,

_/s/ Matthew G. Berkowitz with permission Andrea L. Fair_
Matthew G. Berkowitz – LEAD ATTORNEY
Patrick R. Colsher
Aaron L. Morris
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Khue V. Hoang
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
khoang@reichmanjorgensen.com

*Of Counsel:*
Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
andrea@wsfirm.com
claire@wsfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this 3rd day of April, 2023.

*/s/ Andrea L. Fair*
Andrea L. Fair